FILED
00 JUN -7 PM 12: 03
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| NATASHA CLAYBROOK, BYRON CLAYBROOK, MARY WHITE, and MARK WHITE, et al., | ) ) ) ) | ENTERED<br>JUN - 2000 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION NUMBER |
| BRK BRANDS, INC., f/k/a FIRST ALERT, SUNBEAM CORPORATION a/k/a SUNBEAM PRODUCTS, INC., FIRST ALERT, INC., | ) ) ) ) ) ) | 98-C-1546-W |
| Defendants. | ) | |

### MEMORANDUM OPINION ON DEFENDANTS' MOTION FOR AN ORDER TO SHOW CAUSE WHY ATTORNEY BRUCE N. COOK SHOULD NOT BE HELD IN CONTEMPT

Defendants have moved the Court for an order requiring Arnold Brown, a member of the class previously certified in this case, and his attorney, Bruce N. Cook, to appear and show cause why they should not be held in contempt of this Court's Preliminary Injunction.[1] The impetus for the motion is a Motion For Sanctions filed by Attorney Cook in *Schulbach, et al. v. Pittway Corp., et al.* (No. 98-L-0330A, Circuit Court of the Twentieth Judicial Circuit, State of Illinois) ("the *Schulbach* motion").

Attorney Cook makes the following allegations, among others, in the

---

[1] The Court will deny the motion in so far as it is directed toward Arnold Brown on the assumption that, at all material times, he merely acted on the advice of counsel.



*Schulbach* motion:

> 2. That [the Illinois Circuit Court] certified a class pursuant to motion on October 11, 1999.
>
> 3. That defendants [Pittway Corporation, First Alerk and BRK Brands] and their counsel, John Hooper and Barbara Wrubel have purportedly settled a similar class action when defendants were aware that [the Illinois Circuit Court] had exercised jurisdiction over these Illinois defendants on behalf of these Illinois plaintiffs. That the act by defendants, including an attempt to enjoin plaintiff from proceeding who were not given notice of the settlement nor given an opportunity to object to the preliminary injunction, is contumacious and is a fraud upon [the Illinois Circuit Court].
>
> 4. That the settlement by defendants was a sham to avoid the jurisdiction of [the Illinois Circuit Court] over its citizens and the action of counsel violates [the Illinois Circuit Court's]'s scheduling order and class certification....

*Id.*, pp. 1, 2. The *Schulbach* motion then proceeds to request sanctions, "including fines, attorney's fees and relief for whatever relief the Court finds appropriate." *Id.*, p. 2.

The *Schulbach* motion seems, on its face, to question the authority of this Court to enjoin class member Brown from proceeding in his state court action. Seemingly, it seeks sanctions against Defendants' counsel because they have preliminarily settled this case in a federal court in Alabama rather than in a circuit court in Illinois.

In its Order of May 12, 2000, as a necessary means of preserving its jurisdiction, this Court preliminarily enjoined class members and their representatives from prosecuting, maintaining, or continuing litigation premised on claims or causes of action

2

arising out of the manufacturing, sale, marketing or distribution of smoke detection devices manufactured or sold by Defendants. Defendants' counsel have represented to this Court that Attorney Cook was sent a copy of the Court's May 12, 2000, Preliminary Injunction on the same date as it was entered.

Of course, this Court has not given its final approval to the proposed settlement. Within the next seven days, notices of the proposed settlement will be sent to all known members of the certified class. If the proposed settlement is indeed the "fraud" and "sham" that Attorney Cook has alleged it to be, his client may exercise his unfettered right to opt out of Class One by August 11, 2000, and pursue his claims for damages in the Illinois court. Alternatively, Attorney Cook may file an objection and seek to convince the Court that the proposed settlement of both the declaratory/injunctive and damages aspects of this case is unfair, unreasonable, collusive, fraudulent, or otherwise inimical to the best interests of the certified class. What Attorney Cook may not do is equally clear: he may not ignore or frustrate the Preliminary Injunction issued by this Court. *Walker v. City of Birmingham*, 388 U.S. 307 (1967).

On its face, the *Schulbach* motion threatens the jurisdiction of this Court and compromises its capacity to manage this case to final disposition. Attorney Cook must be required to show cause, if he can, how this facial appearance masks reality.

By separate order, Defendants' Motion For an Order to Show Cause will be granted.

DONE this \_\_\_\_7th\_\_\_\_ day of June, 2000.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON

4